# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| ANTHONY HARTWELL, #25830-039, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| vs. | ) | Case No. 17-cv-1137-SMY |
| T. G. WERLICH, | ) |  |
| Respondent. | ) |  |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Anthony Antoine Hartwell, an inmate in the Bureau of Prisons, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on October 23, 2017. (Doc. 1). Hartwell's statutory minimum sentence was raised to twenty years imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A) (2000) and 21 U.S.C. § 851 (1970) based on a prior Michigan felony conviction; a 1988 conviction[1] for possession with intent to deliver cocaine pursuant to MICH. COMP. LAWS ANN. § 333.7401 (West 1988). Hartwell now invokes *Mathis v. United States*, – U.S. –, 136 S. Ct. 2243 (2016), to challenge his sentence enhancement based on this prior conviction and argues that he is entitled to be resentenced without the enhancement. Specifically, Hartwell argues that his Michigan conviction does not qualify as a controlled substance offense under federal law because the Michigan statute criminalizes the "sale" or "delivery" of a controlled substance, which he argues is materially different than the "distribution" or "dispensing" of a controlled substance. (Doc. 1, pp. 5–8).

---

[1] Hartwell was originally convicted and sentenced for this crime in 1988—however, he was re-sentenced in 1991 following a successful appeal, making that the year of his final conviction and sentencing. *See People of Michigan v. Hartwell*, No. 123094, Doc. 32 (Mich. Ct. App. March 29, 1991); (Doc. 12-2, pp. 4–14).

Respondent opposes the issuance of a Writ on several grounds: (1) Hartwell cannot satisfy the requirements of 28 U.S.C. § 2255(e)'s savings clause because his argument is not actually premised on *Mathis* and therefore does not rely on any new statutory interpretation case (Doc. 12, pp. 6–7); (2) even if Hartwell's Petition is construed to rely on *Mathis*, that argument was not foreclosed by binding precedent before *Mathis* was decided (Doc. 10, pp. 4–10), and; Hartwell procedurally defaulted his current claim by failing to raise it on direct appeal (*Id.* at pp. 8–10). Hartwell replied to the Response and submitted additional briefs that included supplemental authority for the Court. (Docs. 10, 15, 20, 24). This matter is now ripe for resolution. For the following reasons, Hartwell's § 2241 Petition will be **DENIED**.

## Relevant Facts and Procedural History

Following a jury trial, Hartwell was found guilty of one count of Conspiracy to Distribute Controlled Substances pursuant to 21 U.S.C. §§ 841(a)(1) and 846, and one count of Felon in Possession of a Firearm pursuant to 18 U.S.C. § 922(g). *United States v. Hartwell*, No. 99-cr-50057-LVP, Doc. 115 (E.D. Mich. April 17, 2000). The Presentence Report ("PSR") listed one prior felony drug conviction that qualified Hartwell for an enhanced mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A): a 1988 Michigan conviction for Possession with Intent to Deliver Cocaine. (Doc. 13-1, p. 7). The Government filed an information with the court regarding the prior Michigan drug conviction pursuant to 21 U.S.C. § 851. (*See* Doc. 12-1). Hartwell filed a written objection to the use of this conviction to enhance his sentence, and after hearing argument regarding this and other objections relating to the PSR, the sentencing court found that Hartwell's prior Michigan drug conviction was a qualifying predicate conviction to support an enhanced mandatory minimum sentence pursuant to 21 U.S.C. § 841(b)(1)(A). *See Hartwell*, No. 99-cr-50057-LVP, Doc. 154 (E.D. Mich. Oct. 13, 2000); (*see also* Doc. 12-2, pp. 4–14).

Hartwell was sentenced to life imprisonment on December 11, 2000. *Hartwell*, No. 99-cr-50057-LVP, Doc. 166 (E.D. Mich. Dec. 11, 2000). His sentence was later reduced to 360 months imprisonment after he successfully petitioned for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). *Id*. at Doc. 323.

**Direct Appeal and First Motion Under 28 U.S.C. § 2255**

On direct appeal, Hartwell argued that the district court erred in several of its pre-trial and evidentiary rulings, and also alleged error in his sentencing to the extent the court made factual findings regarding the amount of drugs involved in his drug distribution conspiracy count. *United States v. Copeland*, 321 F.3d 582 (6th Cir. 2003). However, Hartwell did not appeal the sentencing court's use of his prior Michigan felony conviction to enhance his sentence under 21 U.S.C. § 841(b)(1)(A). *Id*. The Seventh Circuit upheld Hartwell's conviction and sentence in their entirety. *Id*. at 607.

Hartwell filed a motion under 28 U.S.C. § 2255 in January of 2004. *Hartwell*, No. 99-cr-50057-LVP, Doc. 242 (E.D. Mich. Jan. 23, 2004). At that time, he asserted that his counsel provided him ineffective assistance before, during, and after trial, that the Government engaged in prosecutorial misconduct, and that the Government improperly used immunized grand jury testimony against him during the course of his trial (*See id*. at Doc. 261, pp. 2–3). The motion was denied in all respects (*Id*. at p. 28) and the Sixth Circuit Court of Appeals denied Hartwell's request for a certificate of appealability, finding he had failed to make a "substantial showing of the denial of a constitutional right." *Id*. at Doc. 269, p. 4.

**Later Applications for Authorization to File a Second or Successive § 2255 Motion**

Hartwell began filing applications for authorization to file a second or successive petition

for collateral review with the Sixth Circuit in 2013.[2] The first application again challenged the sentencing court's factual findings regarding the quantity of drugs related to his drug conspiracy conviction, which was used to increase his sentence. *Id.* at Doc. 324, pp. 1–8. Hartwell did not make any argument relating to the use of his prior Michigan conviction as a predicate felony drug offense to increase his mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A). *Id.* This application was summarily dismissed by the Sixth Circuit. *Id.* at Doc. 332.

Hartwell's most recent application for authorization to file a successive § 2255 petition was filed in March of 2017. (Doc. 12-3). In that application, Hartwell argued that *Johnson v. United States*, 576 U.S. –, 135 S. Ct. 2551 (2015), and *Mathis v. United States*, – U.S. –, 136 S. Ct. 2243 (2016) required the invalidation of the sentence enhancement based on his prior Michigan drug conviction. *Id.* at pp. 13–21. Particularly, Hartwell argued that his prior Michigan conviction was not properly considered to be a "felony drug offense" and that the conduct underlying the prior conviction was part of his later conspiracy conviction under 21 U.S.C. §§ 841(a)(1) and 846. *Id.* The Sixth Circuit again denied Hartwell's application, finding that "none of the authority [cited by Hartwell] applies to his case" and that he had neither produced new evidence that demonstrated his actual innocence nor identified a new rule of constitutional law made retroactive by the Supreme Court that would entitle him to his requested relief. *Hartwell*, No. 99-cr-50057-LVP, Doc. 349 (E.D. Mich. Sept. 5, 2017).

## **Applicable Legal Standards**

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are instead limited to challenges

---

[2] Hartwell's first application began as a motion pursuant to 28 U.S.C. § 2255, but was transferred directly to the Sixth Circuit and treated as an application for authorization to file a second or successive petition under § 2255. *See id.* at Doc. 329.

regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Aside from the direct appeal process, a prisoner who has been convicted in federal court is limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him, and is generally limited to only *one* such challenge under § 2255. A prisoner may not file a "second or successive" § 2255 motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

However, it is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under § 2241. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

To trigger the savings clause following *Davenport,* a petitioner must meet three conditions: First, he must show that he relies on a new statutory interpretation case rather than a constitutional case; Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion *and* that case must apply retroactively; and lastly, he must demonstrate that

there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Chazen v. Marske*, – F.3d –, 2019 WL 4254295 at *3 (7th Cir. Sept. 9, 2019); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). "There must be some kind of structural problem with section 2255 before section 2241 becomes available. In other words, something more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *See Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

## **Analysis**

Hartwell, invoking *Mathis v. United States*, – U.S. –, 136 S. Ct. 2243 (2016), challenges the use of his prior Michigan drug conviction as a basis for his 21 U.S.C. §§ 841(b)(1)(A) and 851 sentencing enhancement. The sentencing court found this conviction to be a "felony drug offense" under those statutes because it was an offense "punishable by imprisonment for more than one year under any law of . . . a State . . . that prohibits or restricts conduct relating to narcotic drugs, marihuana, or depressant or stimulant substances." (Doc. 12-2); 21 U.S.C. § 802(44) (1996) (defining "felony drug offense" as used in § 841). While Respondent argues that Hartwell's *Mathis* claim fails to meet the requirements of § 2255(e)'s savings clause and was procedurally defaulted, the Court need not reach these arguments because Hartwell's *Mathis* claim plainly fails on the merits.

Hartwell does not specifically argue that the statute on which his Michigan drug conviction is based does not "prohibit or restrict[] conduct relating to narcotic drugs, marihuana, or depressant or stimulant substances." He instead fashions his argument around the language of the United States Sentencing Guidelines (the "Guidelines").[3] (Doc. 1, pp. 5–6); U.S.S.G. § 4B1.2(b) ("The

---

[3] 21 U.S.C. § 841(b)'s The definition of "felony drug offense" encompasses a broader scope of "conduct relating to" the listed drug types, compared to the prohibited conduct ("manufacture, . . . distribution, . . . or the possession . . .

6

term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding a year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense."). Hartwell argues that because the Michigan statute criminalizes the "delivery" of a controlled substance, it is broader than the federal recidivism statutes' definition of controlled substance offense, which only reaches offenses involving manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled substance. (Doc. 1, pp. 5–6).

*Mathis* applied Supreme Court precedent that began with *Taylor v. United States*, 495 U.S. 575 (1990), directing courts to use the "categorical approach" – looking not to the *facts* of the prior crime but to the statutory *elements* of the prior conviction when determining whether a prior crime counts as a predicate crime of violence for purposes of an ACCA sentencing enhancement. *Mathis*, 136 S. Ct. at 2248. A prior crime qualifies as a predicate "if its elements are the same as, or narrower than, those of the generic offense." *Mathis*, 136 S. Ct. at 2247. *Mathis* clarified that only if a statute is "divisible" into different elements, each defining a distinct crime, may the court use the "modified categorical approach" to examine a limited set of state court documents to determine under which element the predicate crime occurred. *Mathis*, 136 S. Ct. at 2248; [4] *see also Chazen v. Marske*, – F.3d –, 2019 WL 4254295 at *3 (7th Cir. Sept. 9, 2019); *Van Cannon v. United States*, 890 F.3d 656, 663 (7th Cir. 2018).

Hartwell was convicted of violating MICH. COMP. LAWS ANN. § 333.7401(1) (West 1988),

---

with intent to manufacture . . .") specified in the Guidelines definition of "controlled substance offenses" cited by Hartwell in his Petition. *See, e.g.*, *United States v. Curry*, 404 F.3d 316, 318–19 (5th Cir. 2005). In Hartwell's case, if his Michigan drug conviction qualifies as a predicate under the Guidelines' definition, it will also qualify as a predicate under 21 U.S.C. §§ 841(b)(1)(A) and 802(44)'s definition of "felony drug offense."

[4] The Seventh Circuit has held that *Mathis*' categorical approach applies to 21 U.S.C. §§ 841 and 802(44). *See United States v. Elder*, 900 F.3d 491, 501 (7th Cir. 2018).

7

which provided: "Except as authorized by this article, a person shall not manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance." *Id.*; (Doc. 1, p. 5).[5] The term "deliver" as used in § 333.7401(1) was defined in MICH. COMP. LAWS ANN. § 333.7105(1) (1988) as "the actual, constructive, or attempted transfer from 1 person to another of a controlled substance, whether or not there is an agency relationship."

Hartwell concedes that the statute in question is divisible. (Doc. 20, pp. 11–12). He argues however that it criminalizes more behavior than the Guidelines' definition of a controlled substance offense because it includes the "delivery" of a controlled substance, while the Guidelines refer only to drug offenses involving "distributing" or "dispensing" a controlled substance. (Doc. 1, pp. 5–8). This argument is a mechanical one, focusing on the absence of the word "deliver" from U.S.S.G. § 4B1.2(b) without considering the meaning of the language of either the Michigan statute or the Guidelines provision in question. In other words, Hartwell makes no attempt to explain why the absence of the word "deliver" from the Guidelines renders MICH. COMP. LAWS ANN. § 333.7401(1) broader than a drug offense within the meaning of the Guidelines.

The Sixth Circuit has rejected the argument that "distributing" in the Guidelines means something meaningfully different than "deliver" in the Michigan statute, noting that "Michigan's statutory definition of delivery is functionally identical to the federal provision." *United States v. Pittman*, 736 F. App'x 551, 555 (6th Cir. 2018); *see also United States v. Solomon*, 592 F. App'x 359, 362 (6th Cir. 2014) ("'[D]eliver' plainly falls within the meaning of 'distribute' in

---

[5] This is the version of the statute cited and reproduced by Hartwell in his Petition. (Doc. 1). However, in a supplemental pleading, Hartwell reproduces a version of § 333.7401(1) that also criminalizes the manufacture, creation, or delivery of prescription forms or counterfeit prescription forms. (Doc. 20, p. 11). However, through its own research the Court has determined that the language regarding prescription forms did not take effect until August 1, 1989, after Hartwell's 1988 conviction. *See* 1988 Mich. Legis. Serv. 60 (West) ("This amendatory act shall take effect on August 1, 1989."). Whether this language was or was not included in the statute at the time of Hartwell's conviction is irrelevant, however, and would not affect the outcome here. *See United States v. House*, 872 F.3d 748, 753–54 (6th Cir. 2017); *United States v. Tibbs*, 685 F. App'x 456, 462-63 (6th Cir. 2017) (finding M.C.L. § 333.7401 divisible into separate offenses).

§ 4B1.2(b)[.]"). MICH. COMP. LAWS ANN. § 333.7105(4) further defines distribute as "to <u>deliver</u> other than by administering or dispensing a controlled substance." (emphasis added). Nothing in *Mathis* calls into question the holding in these cases.[6]

Further, the Michigan controlled substances statute does not criminalize a mere offer without intent to sell. *Pittman*, 736 F. App'x at 556 ("Michigan's statutory definition of delivery does not include mere offers to sell[.]"). Therefore, the reasoning in *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), cited by Hartwell, does not apply here. The obvious intent of the Guidelines' definition of a controlled substance offense is to exclude state laws that criminalize simple possession. The Michigan statue at issue does not criminalize simple possession. Thus, MICH. COMP. LAWS ANN. § 333.7401(1) fits squarely within the definition of controlled substance offense put at issue by Hartwell.[7]

Hartwell also argues that because MICH. COMP. LAWS ANN. § 333.7401(1) criminalizes the creation and delivery of prescription forms and prescription drugs, it is broader than the definition of "felony drug offense" (Doc. 20, p. 11), and because MICH. COMP. LAWS ANN. § 333.7401(1) requires the jury to find the specific "drug type and quantity" as essential elements of a conviction under the statute, it is broader than the definition of "felony drug offense" found in the United States Code. (*Id*. at pp. 11–14). Hartwell was convicted for the delivery of a controlled substance,

---

[6] There are also several cases that, while not specifically analyzing MICH. COMP. LAWS ANN. § 333.7401(1), have found that state convictions for both "selling" and "delivering" controlled substances are properly considered within the federal definition of serious drug offenses. *See, e.g.*, *McNeill v. United States*, 563 U.S. 816, 824 (2011) (convictions for selling cocaine and possessing cocaine with intent to sell were serious drug offenses within the meaning of the ACCA); *United States v. Rodriquez*, 553 U.S. 377, 380–85 (2008) (prior conviction for delivery of a controlled substance qualified as serious drug offense under the ACCA); *United States v. Brown*, 408 F.3d 1016, 1018 (8th Cir. 2005); *United States v. Long*, 320 F.3d 795, 802 (8th Cir. 2003) (conviction for "delivery" of a controlled substance is a serious drug offense under the ACCA); *United States v. Anderson*, 766 F. App'x 377, 381 (7th Cir. 2019) (prior conviction for cocaine delivery "fits squarely within the scope of [the ACCA]'s prohibition on "distributing.").

[7] Further, 21 U.S.C. § 841 and § 802(44)'s "felony drug offense" definition, which actually governed Hartwell's sentence enhancement, does encompass simple possession of the listed substance types. Those substances include cocaine, which is a "narcotic drug" as defined in 21 U.S.C. § 802(44) and § 802(17).

9

not a prescription form.  Thus, while it is possible for § 333.7401(1) to be violated in a way that would *not* constitute a felony drug offense, that fact is irrelevant as it relates to Hartwell.  *See, Solomon*, 592 F. App'x 359, 360–61 (6th Cir. 2014) (explaining that MICH. COMP. LAWS ANN. § 333.7401(1) is divisible and subject to the modified categorical approach to delineate convictions under the statute that do, and do not, qualify as controlled substance offenses under federal law); *United States v. Tibbs*, 685 F. App'x 456, 462–64 (6th Cir. 2017).

Hartwell's final argument is premised on a reading of *Mathis* that is simply unsupported by its text.  M.C.L. § 333.7401(1) requires the state to prove to a jury beyond a reasonable doubt the specific type and quantity of controlled substance that was created, manufactured, or delivered in order to secure a conviction under that statute. (Doc. 20, pp. 11–14).  It is true that "the amount and nature of controlled substances are elements of a delivery offense under M.C.L. § 333.7401," while that is not the case under federal law.  *People v. Mass*, 628 N.W.2d 540, 625–26, n.15 (Mich. 2001).  However, different does not mean broader, and *Mathis* does not stand for the proposition that <u>any</u> differences between a state's statutory scheme and federal law render a state conviction ineffective to serve as a predicate offense.  Under *Mathis*, a prior state conviction will still qualify as a predicate "if its elements are the same as, **or narrower than**, those of the generic offense." 136 S. Ct. at 2247 (emphasis added).  M.C.L. § 333.7401(1) places a higher, not lower, burden on the government to obtain a conviction.  As such, its elements are narrower, not broader, than the definition of "felony drug offense" under federal law.

Hartwell also filed supplemental pleadings containing new theories of relief that were neither included nor contemplated in his initial Petition.  (*See* Docs. 10, 15, 20, 24).  To properly fit within the savings clause under *Davenport*, a petitioner's argument must rely upon a new rule of statutory construction.  *Brown v. Caraway*, 719 F.3d at 586.  Most of these additional theories

10

of relief, such as the argument that his predicate Michigan conviction was improperly used for the basis of his sentencing enhancement despite also being part of the 2000 conviction that led to his current sentence, do not stem from or relate to his *Mathis* claim, or any other new rule of statutory construction. (Doc. 10). Likewise, Hartwell's new claims that his sentence violates the Ex Post Facto Clause of the Constitution and Due Process Clause of the Fifth Amendment (Doc. 20, pp. 4–9) do not rely upon or otherwise implicate any new rules of statutory construction. Accordingly, these claims do not fit within § 2255(e)'s savings clause and must be dismissed.

## **Conclusion**

For the foregoing reasons, Petitioner Anthony Hartwell's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1), is **DENIED** and this case is **DISMISSED WITH PREJUDICE**. The Clerk of Court is **DIRECTED** to enter judgment accordingly and to provide a copy of this Memorandum and Order to the United States Attorney for this District.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000). If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner chooses to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the

amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

**DATED: December 20, 2019**

*s/Staci M. Yandle*
**STACI M. YANDLE
UNITED STATES DISTRICT JUDGE**